### *In re* SHERWELL'S ESTATE.

*(Supreme Court, General Term, Second Department. December 10, 1890.)*

COLLATERAL INHERITANCE TAX—EXEMPTIONS.

  Under the New York collateral inheritance tax act (Laws 1885, c. 483, as amended by Laws 1887, c. 713,) taxing "all property" passing by will, etc., to any person

other than certain specified relatives, etc., the proviso that "an estate which may be valued at a less sum than five hundred dollars shall not be subject to such duty or tax" does not, in case of a legacy valued at more than $500, exempt that amount of such legacy from the tax.

Appeal from surrogate's court, Kings county.

Petition by William B. Davenport, public administrator, as administrator with the will annexed of Benjamin Worden Sherwell, deceased, for appraisal of the amount at which the legacies of certain residuary legatees, named in the will, nieces of the testator, should be assessed under the act taxing collateral inheritances, (Laws N. Y. 1885, c. 483, amended by Laws 1887, c. 713.) From an order that $500 be deducted from the amount of the share of each of said nieces, and only the sum remaining be assessed for the purposes of taxation under the act, the people of the state, on the relation of the county treasurer of Kings county, appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*James W. Ridgway*, Dist. Atty., for appellant.   *Charles H. Otis*, for respondent.

DYKMAN, J.   We are unable to agree with the learned surrogate of Kings county in his construction of the statute involved in this case.   The language of the section which controls the question, is this: "After the passage of this act, all property which shall pass by will * * * to any person or persons * * * other than to or for the use of his or her father * * * shall be and is subject to a tax of five dollars on every one hundred dollars of the clear market value of such property: * * * provided that an estate which may be valued at a less sum than five hundred dollars shall not be subject to such duty or tax."   The legacies in question, whether taken singly or in the aggregate, cannot be valued at less than $500, because they are payable in money.   They are also property, and the statute is that all property which shall pass by will, or by the intestate laws of this state, to any person with some specified exceptions, shall be subject to a tax; but, if an estate be valued at less than $500, it shall not be subject to such tax.   In other words, if an estate be valued at less than $500, it is exempt from the tax entirely, and, if if be valued at more than $500, it is all liable to the tax, without any deduction or exemption.   It was not the intention of the legislature to exempt any portion of an estate from the tax, but to limit the estates upon which the tax would be imposed.   The order should be reversed, with $10 costs and disbursements, to be paid from the estate.

---

## *In re* BUTLER'S ESTATE.

*(Supreme Court, General Term, Second Department.   December 10, 1890.)*

COLLATERAL INHERITANCE TAX—EXEMPTION OF ADOPTED CHILD.
  Under the New York collateral inheritance tax act (Laws 1885, c. 483, as amended by Laws 1887, c. 713,) exempting from its provisions "any child or children adopted as such, in conformity with the laws of the state of New York, or any person to whom the deceased, for not less than ten years prior to his death, stood in the mutually acknowledged relation of a parent," a boy taken, when about 2 years old, by testator, under an agreement to adopt him, and placed in his family, remaining there 11 years till testator's death, cared for solely by testator, held out to the world as testator's child, and formally adopted under the laws of Massachusetts, is within the exemption.

Appeal from surrogate's court, Westchester county.

A report of the appraiser appointed to appraise the estate passing under the will of Charles H. Butler, deceased, for taxation, under the act taxing collateral inheritances, (Laws N. Y. 1885, c. 483, as amended by Laws 1887, c. 713,) which assessed a legacy to Edward Knapp Butler, as subject to such tax, was confirmed, and the order confirming it was affirmed on appeal to the surrogate.   From the order of affirmance, said Edward Knapp Butler appeals.